### UNITED STATES of America,
v,
### James JOHNSON.
### No. 11132.

United States Court of Appeals,
Seventh Circuit.

Jan. 11, 1955.

James Johnson pro se.

Robert Tieken, U. S. Atty., Chicago, Ill., John Peter Lulinski, Anna R. Lavin, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

James Johnson, petitioner, appeals from a summary denial by the District Court of his motion under 28 U.S.C.A. § 2255 to reduce the sentences he is now serving on the ground that they were in excess of the maximum authorized by law.

This case was submitted to this court on briefs without oral argument.

The record discloses the following facts.

On November 30, 1951, an indictment numbered 51 CR 523 was returned against petitioner charging in Count I that on or about October 10, 1951, petitioner did unlawfully purchase and possess narcotics, in violation of 26 U.S.C.A. § 2553(a), and in Count II that on the same date petitioner did fraudulently and knowingly receive, conceal, buy, and facilitate the transportation and concealment of narcotics, in violation of 21 U.S.C.A. § 174.

On March 4, 1952, another indictment numbered 52 CR 116 was returned against petitioner charging in Count I that on or about February 11, 1952, petitioner did unlawfully purchase and possess narcotics, in violation of 26 U.S.C.A. § 2553(a), and in Count II that on the same date petitioner did fraudulently and knowingly receive, conceal, buy, and facilitate the transportation and concealment of narcotics, in violation of 21 U.S. C.A. § 174.

On April 21, 1952, the United States attorney filed an information pursuant to 26 U.S.C.A. § 2557(b) (7) (repealed November 2, 1951) [1] in case No. 51 CR

1. 26 U.S.C.A. § 2557(b) (7) was repealed by § 5 of the so called Boggs act, 65 U.S.Stat. 769, effective November 2, 1951. Section 6 of said act provides that any rights or liabilities existing under the repealed act should not be affected by such repeal.

523 alleging that Johnson had two prior convictions for narcotics violations, one in 1943 and one in 1948.

On the same date petitioner appeared in court with his attorney, stated that he did not desire to traverse said information, and pleaded guilty in case No. 51 CR 523. Judgment was entered on the plea, and he was sentenced to a term of fifteen years.

Thereafter, on the same day, the United States attorney filed an information pursuant to the so called Boggs act, 26 U.S.C.A. § 2557(b) (1) (effective November 2, 1951) in case No. 52 CR 116 alleging that Johnson had four prior convictions for narcotics violations, the two heretofore mentioned, one in 1942, and the one in 51 CR 523.

Petitioner did not desire to traverse this information, pleaded guilty to indictment No. 52 CR 116, and was sentenced to a term of fifteen years to run concurrently with the sentence imposed in 51 CR 523.

On his motion under § 2255, petitioner contends that his sentences were in excess of those authorized by law.

Petitioner states:

"The contested issue presented by this appeal are: The correctness of the District Court in summarily denying Appellant's motion to alterate and modify sentence, although the motion filed and records of the case showed: (a) That the District Court applied upon sentencing Appellant to the provisions of the 1951 Amendments of the Harrison Narcotic Act Title 26, U.S.C. 2557(b) (1) and the Narcotic Drug Import and Export Act, Title 21 U.S.C. 2557 (b) (1) which Amendment is only punishable to a second or subsequent offender."

The record shows that in 51 CR 523 the crime charged occurred on or about October 10, 1951, and petitioner was not sentenced under the Boggs act, but under a prior act, 26 U.S.C.A. § 2557(b) (7). As a third offender, he was subject under said prior act to a term of not more than twenty years on each count. In 52 CR 116, the crime took place on or about February 11, 1952, three months after the effective date of the Boggs act. The information filed in 52 CR 116 showed that petitioner had been convicted of four prior narcotics violations, which offenses, we hold, were within the purview of the Boggs act. Under said act he was subject to a term of not less than ten nor more than twenty years on each count.

Petitioner was subject to a possible punishment of forty years on each of the two indictments, or a total of eighty years, plus a large fine. It does not appear why he did not receive an even more severe penalty than that of which he now complains.

The motion, files and records conclusively show that petitioner is entitled to no relief and, therefore, the order of the District Court denying petitioner's motion is affirmed.