UNITED STATES of America,
Respondent-Appellee,

v.

Angelo BUIA, Defendant-Appellant.

No. 375, Docket 23890.

United States Court of Appeals
Second Circuit.

Argued June 5, 1956.

Decided Sept. 4, 1956.

Arnold C. Stream, New York City (Elliot A. Wysor, New York City), of counsel, for defendant-appellant.

Paul W. Williams, U. S. Atty., S. D. N. Y., New York City (Whitney North Seymour, Jr., Robert Kirtland, Robert P. Patterson, Jr., Asst. U. S. Attys., New York City), of counsel, for respondent-appellee.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Defendant pleaded guilty to an indictment charging him with possession of thirty-five ounces of heroin in violation of 21 U.S.C.A. § 174[1] and 26 U.S.C. §

---

1. The relevant parts of 21 U.S.C.A. § 174 provide as follows:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined not more than $2,000 and imprisoned not less than two or more than five years. For a second offense, the offender shall be fined not more than $2,000 and imprisoned not less than five or more than ten years. For

7237(a).[2]  The government then filed an information disclosing that, prior to the instant conviction, defendant had been convicted of conspiring to violate the federal narcotics laws under 18 U.S.C. § 88 (now § 371).[3]  Thereupon he was sentenced to seven years in prison as a second offender.  Although he admits the prior conviction, defendant appeals from this judgment and sentence.  He contends that he is not a second offender within the meaning of the federal narcotics laws and should not have been sentenced as such.

At the time of defendant's earlier conviction, conspiracy to violate the narcotics laws was an offense punishable only under the general omnibus provisions of 18 U.S.C. § 88 (now § 371).  At the time of defendant's conviction in the case at bar, such a conspiracy was an offense expressly punishable under the specific provisions of the narcotics laws. 21 U.S.C.A. § 174 and 26 U.S.C. § 7237 (a).

21 U.S.C.A. § 174 and 26 U.S.C. § 7237 (a) provide for increased sentences for second offenders and define what is meant by a second offender as follows:

" * * * an offender shall be considered a second * * * offender * * * if he previously has been convicted of any offense the penalty for which is provided in this subdivision [or subsection]" or "if he previously has been convicted of any offense the penalty for which" is or was set forth in certain enumerated provisions of the present or earlier versions of the federal narcotics laws.  There is no explicit reference to 18 U.S.C. § 88 (now § 371), the statutory provision under which defendant was first convicted.

a third or subsequent offense, the offender shall be fined not more than $2,000 and imprisoned not less than ten or more than twenty years.  Upon conviction for a second or subsequent offense, the imposition or execution of sentence shall not be suspended and probation shall not be granted.  For the purpose of this subdivision, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subdivision or in section 2557(b) (1) of Title 26, or if he previously has been convicted of any offense the penalty for which was provided in section 9, chapter 1, of the Act of December 17, 1914 (38 Stat. 789), as amended; sections 171, 173 and 174–177 of this title; section 12, chapter 553, of the Act of August 2, 1937 (50 Stat. 556), as amended; or sections 2557(b) (1) or 2596 of Title 26."

2.  The relevant parts of 26 U.S.C. § 7237 (a) provide as follows:

"Whoever commits an offense or conspires to commit an offense described in subpart C of part I, or part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be fined not more than $2,000 and imprisoned not less than 2 or more than 5 years.  For a second offense, the offender shall be fined not more than $2,-000 and imprisoned not less than 5 or more than 10 years.  For a third or subsequent offense, the offender shall be fined

not more than $2,000 and imprisoned not less than 10 or more than 20 years.  Upon conviction for a second or subsequent offense, the imposition or execution of sentence shall not be suspended and probation shall not be granted.  For the purpose of this subsection, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subsection or in section 2(c) of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C. § 174), or if he previously has been convicted of any offense the penalty for which was provided in section 9, chapter 1, of the act of December 17, 1914 (38 Stat. 789), as amended; section 1, chapter 202, of the act of May 26, 1922 (42 Stat. 596), as amended; section 12, chapter 553, of the act of August 2, 1937 (50 Stat. 556), as amended; or sections 2557(b) (1) or 2596 of the Internal Revenue Code enacted February 10, 1939 (ch. 2, 53 Stat. 274, 282), as amended."

3.  The relevant parts of 18 U.S.C. § 371 provide as follows:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

Defendant argues that the statutory language defines a "second offender" as meaning only an offender who has previously been convicted *under* 21 U.S.C.A. § 174 or 26 U.S.C. § 7237(a), or *under* the enumerated provisions of the present or an earlier statute. If defendant's reading of the statute were correct he would not be a second offender, because he was not previously convicted *under* either 21 U.S.C.A. § 174, 26 U.S.C. § 7237(a), or the enumerated statutes but instead was convicted *under* 18 U.S.C. § 88 (now § 371).

However, we believe defendant's reading of 21 U.S.C.A. § 174 and 26 U.S.C. § 7237(a) does violence not only to the statutory language but also to the obvious Congressional intent in enacting these provisions.

 We hold that defendant is a second offender within the express language of 21 U.S.C.A. § 174 and 26 U.S.C. § 7237(a). Each of these provisions defines a second offender as one who "previously has been convicted of *any offense the penalty for which is provided in this subsection* [or subdivision]." Each of these statutes makes conspiracy to sell narcotics an offense and provides the penalty therefor. Defendant "previously has been convicted" of conspiracy to sell narcotics, an "offense the penalty for which is provided in" 21 U.S.C.A. § 174 and 26 U.S.C. § 7237(a). Therefore, defendant is within the statutory definition of a "second offender." Cf. Beland v. United States, 5 Cir., 1942, 128 F.2d 795, certiorari denied, 1942, 317 U.S. 676, 63 S.Ct. 157, 87 L.Ed. 543; United States v. Johnson, 7 Cir., 1955, 218 F.2d 288, certiorari denied, 1955, 349 U.S. 923, 75 S.Ct. 663, 99 L.Ed. 1255.

Moreover, this court's construction of the statute is clearly in accord with the Congressional intent. The purpose of Congress in enacting multiple offender penalties in the narcotics laws was to punish violators more severely, to deter the criminal who engages in illicit drug traffic, and to take habitual violators out of circulation. See House Report 635, 82nd Cong., 1st Sess., June 21, 1951; Senate Report 1051, 82nd Cong., 1st Sess., Oct. 1, 1951. Where the intent of Congress is clear, penal statutes should not be so construed as to defeat that obvious intent. United States v. Alpers, 1950, 338 U.S. 680, 70 S.Ct. 352, 94 L.Ed. 457; United States v. Brown, 1948, 333 U.S. 18, 68 S.Ct. 376, 92 L.Ed. 442.

For these reasons we think the trial court correctly sentenced defendant as a second offender under the federal narcotics laws.

The judgment and sentence of the District Court is affirmed.

HINCKS, Circuit Judge, dissents without opinion.