UNITED STATES of America,
Appellee,

v.

Tom TOY, Appellant.

No. 96, Docket 25710.

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1959.

Decided Jan. 4, 1960.

Harold O. N. Frankel, New York City (Abraham Glasser, New York City, on the brief), for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., S. D. N. Y., New York City (James G. Starkey, Kevin T. Duffy, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge.

Appellant was convicted of selling narcotics in violation of 21 U.S.C.A. § 173 and § 174. A jury trial having been waived, the case was heard by a judge only. On appeal appellant raises two contentions. The first relates to the defense of entrapment; the second to the holding of the district court that appellant was a second offender and therefore subject to the mandatory sentencing provisions of 21 U.S.C.A. § 174.

■ The doctrine of entrapment is firmly established in the federal courts. See Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 848 and Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; see also United States v. Sherman, 2 Cir., 1952, 200 F.2d 880. The doctrine rests upon the belief that conviction is improper if the Government has induced the defendant to engage in criminal behavior of a type which otherwise he was unlikely to have engaged in.

The facts relative to defendant's claim of entrapment are as follows. Hom Tung, apparently a distant relative of appellant, is a narcotics addict who, in January 1958, was under federal indictment for violation of the narcotics laws. On January 24 in Chicago Tung became a "special employee" for the Narcotics Bureau. A few days later, probably January 28, Tung appeared in New York where he approached appellant concerning the purchase of narcotics. Appellant claims that Tung pretended to seek the drugs for personal use, pleading sickness resulting from the lack of drugs. This claim was denied by Tung. In any event no agreement was reached, and Tung went back to Chicago. He returned to New York on February 4 in the company of Milton Wu, an agent of the Narcotics Bureau. Wu was introduced as a narcotics buyer from Detroit. This time it would appear that appellant quite readily agreed to sell Wu one kilo of heroin at a price of $13,000. Appellant agreed to furnish a "sample" of the quality of the heroin to be purchased, and this sample was turned over to Tung and Wu that evening in the apartment of a mutual relative of Tung and appellant. At a meeting the following afternoon Wu indicated that he did not have funds immediately available for the purchase of an amount as large as one kilo, and appellant agreed to sell only one-half kilo, though at a slightly higher rate. Delivery was to be made that evening. Wu arrived at the apartment at the appointed time, and appellant produced two packages which contained one-half kilo of heroin. As soon as these packages were produced, Wu made the arrest.

■ From the quality of the drugs involved, and from the negotiations and preparations leading up to the sale, the district court concluded that appellant was thoroughly experienced in the narcotics trade. We agree that the evidence amply supports this conclusion. Appellant, most assuredly, was not an innocent person tempted into violation—the test of the majority of the Supreme Court in Sherman v. United States, 356 U.S. 369 at page 372, 78 S.Ct. 819, 2 L.Ed.2d 848. The little hesitancy which appellant may have displayed in his dealings with Tung would seem to have resulted from fear of arrest rather than from an initial innocence. Nor can the methods of the Government here be said to meet the objective test proposed by the minority of the Court in the Sherman case, supra, 356 U.S. at pages 383–384, 78 S. Ct. at page 826, whereby conviction would not be permitted if the Government's methods were likely to corrupt persons "who would normally avoid crime and through self-struggle resist ordinary temptations." Appellant's defense of entrapment, therefore, is without merit, and we affirm appellant's conviction under 21 U.S.C.A. §§ 173, 174.

■ Appellant also urges that he was improperly sentenced. Under Section 174 the minimum sentence for a second offender, as that term is defined in 26 U.S. C. § 7237(c), is ten years' imprisonment, whereas for first offenders the minimum sentence is but five years. On the basis of a 1942 conviction for conspiracy to

violate Section 174 [1] the district court held that appellant was a second offender within the definition of Section 7237 (c),[2] and therefore imposed a ten-year sentence.

The relevant portions of Section 7237 (c) are as follows:

"(1) For purposes of * * * subsections (c) and (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), * * * an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense *the penalty for which was provided in * * *—*

"(A) subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act (21 U.S.C., sec. 174); * * *." (Italics supplied.)

Appellant concedes that the prior conviction need not have been *under* one of the sections enumerated in 7237(c), but he argues that the phrase "any offense the penalty for which was provided" has no application to a prior offense which was not punishable under an enumerated section as that section existed at the time of the offense even though it would have been punishable under that section had the section then existed in its present form. Proceeding from this major premise, appellant points to the fact that his 1942 conviction was obtained under the general conspiracy section of the Criminal Code, present 18 U.S.C. § 371, for the reason that until 1951 Section 174 contained no reference to conspiracies to violate 174.[3] Appellant points to the further fact that the district court indicated that it might have imposed a lesser penalty had it been free to do so.[4] The Government does not dispute the propositions set forth in the preceding two sentences. Therefore, if appellant's major premise is correct, we must remand the case for resentencing.

Both appellant and the Government place heavy reliance upon United States v. Buia, 2 Cir., 1956, 236 F.2d 548. There, as here, the former conviction was for a conspiracy to violate Section 174, and there, as here, the former conviction occurred prior to the 1951 amendments to Section 174. However, at the time of Buia's second conviction that portion of Section 7237 analogous to present 7237(c) read as follows:

"(a) * * * For the purpose of this subsection, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of *any offense the penalty for which is provided* in this subsection or in section 2(c) of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C. § 174), * * *." (Italics supplied.)[5]

We held, under this language, that Buia was a second offender. The present lan-

---

1. On April 29, 1942 in the District Court for the Northern District of Illinois appellant pleaded guilty to the charge of conspiring to violate Section 174. Appellant's sentence stated that he was to be "committed to the custody of the United States Marshal for and during a period of One (1) Hour."

2. Appellant's argument based upon the present wording of Section 7237(c) does not appear to have been raised before the district court. However, the Government does not claim that the issue is not properly before us.

3. The conspiracy provisions of 21 U.S.C.A. § 174 were enacted on November 2, 1951, 65 Stat. 767.

4. Record: pp. 352–53.

5. Almost identical language was found in Section 174 prior to the 1956 amendments:
   "* * * For the purpose of this subdivision, an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which is provided in this subdivision * * *."
   As it presently reads, Section 174 does not attempt to define a second or subsequent offender, this issue being referred to Section 7237(c).

guage, "any offense the penalty for which was provided," was substituted as a part of the Act of July 18, 1956, 70 Stat. 568. The obvious difference between the present wording of 7237(c) and its predecessor is the use of "*was* provided" in place of "*is* provided." The verb "is provided" seems clearly to refer to the enumerated section as it presently exists, and we so held in Buia. However, the verb "was provided" would seem, with equal clarity, to refer to the enumerated section as it existed at some previous time. The only previous time which might have a bearing on the problem dealt with in Section 7237(c) is the time of the prior conviction. From congressional committee reports we learn that changes in the wording of Section 7237 as to the definition of second and subsequent offenders were carefully considered and were intended to clarify the law.[6]

■■ In view of the foregoing we hold that Section 7237(c) applies only to prior offenses which would have been punishable under the enumerated sections as they existed at the time of the prior offense.[7] Appellant's 1942 conviction was not such an offense. Therefore, although we affirm the conviction, we remand the case for resentencing.[8]

Case remanded.

6. House Report No. 2388, 84th Cong. 2d Session. See 1956 U.S.Code Cong. and Adm.News p. 3274 at 3278. Conference Report No. 2546, 84th Cong. 2d Session. See 1956 U.S.Code Cong. and Adm.News p. 3315 at 3317.

7. Both appellant and the Government believe that the final sentence of Section 7237(c) (1) is significant in determining whether the 1956 amendments require departure from the Buia holding. Each contends that this sentence supports its position. The entire sentence reads as follows:
"For purposes of determining prior offenses under the preceding sentence, a reference to any subsection, section, or Act providing a penalty for an offense shall be considered as a reference to such subsection, section, or Act as in effect (as originally enacted or as amended, as the case may be) with respect to the offense for which the offender previously has been convicted."

We have studied this sentence with some care and are now forced to admit we find it obscure. However, whatever its meaning, we do not think it militates against the position we have taken above.

8. Appellant also contends that upon resentence he will be eligible for probation. This contention is without merit. Under Section 7237(d) (1) anyone convicted of an offense, the penalty for which is provided in Section 174, may not receive a suspended sentence or be granted probation. However, appellant argues that the August 23, 1958 amendment to 18 U.S.C. § 3651, 72 Stat. 834, nullifies the above provisions of 26 U.S.C. § 7237(d) (1). Repeals by implication are not readily to be inferred. Moreover, Congress seems to have made clear its intention that the August 23 Act should apply "only to those instances where the court now has authority to grant probation." Senate Report No. 2135, 85 Cong. 2d Session. See 1958 U.S.Code Cong. and Adm.News p. 3841.