Rodney WOLFORD, Appellant,

v.

UNITED STATES of America, Appellee.

William Robert MORGAN, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 9937 (67–CR–130), 9938 (67 CR–117).

United States Court of Appeals
Tenth Circuit.

Oct. 4, 1968.

Marshall Quiat, Denver, Colo., for appellants.

Donald E. Cordova, Asst. U. S. Atty., District of Colorado, (Lawrence M. Henry, U. S. Atty., District of Colorado, with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PICKETT, Circuit Judge.

In these two cases appellants Wolford and Morgan were charged in separate informations with the unlawful sale of lysergic acid diethylamide, commonly called "LSD", "a depressant or stimulant drug" within the meaning of 21 U.S.C. § 321(v) (3), in violation of 21 U.S.C. § 331(q) (2). In Morgan's case trial was had to the court without a jury. With the exception of the claim of entrapment raised by Morgan, the legal questions presented were common to both cases and it was stipulated that the Wolford case should be submitted on the record of the Morgan case. Upon a finding of guilty, Wolford was sentenced to imprisonment for a period of seven months. Imposition of sentence was suspended as to Morgan, and he was placed on probation for a period of two years. These appeals are presented jointly and will be disposed of in one opinion.

█ Wolford and Morgan admitted that the sales were made as charged in the informations. The record shows that prior to the sales Deputy Sheriff Bankowski of Arapahoe County, Colorado, for the purpose of making an arrest for the sale of LSD, became acquainted with Morgan and his sister, representing himself to be an unemployed car salesman. On cross-examination he admitted that he had become romantically involved with the sister and may have given her reason to believe that he intended to marry her. There is no indication as to how long this association continued. He also admitted that on one occasion he used marihuana with Morgan and others. The record, however, is totally devoid of any evidence that Bankowski's activities with Morgan's sister or with Morgan had anything to do with the sales of LSD to a federal narcotics agent. Bankowski was not in the employ of the United States, and there is no evidence as to why a federal agent was present when the purchases were made or how he got into the case. The evidence is without conflict that it was Morgan who first suggested the sales and fixed the price at $5.00 per capsule upon delivery. He advised the officers that if purchases of two or three hundred dollars worth of LSD were made at one time, the price would be $4.50 per capsule.[1] There is no evidence that the sales were induced by the officers or that the criminal design and conduct of Morgan originated with them. The record shows that the officers did no more than afford the opportunity for Morgan to effect the transactions and complete the sales and that he was able and willing to take advantage of that opportunity. This is not entrapment. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848; Sorrells v. United States, 287 U. S. 435, 53 S.Ct. 210, 77 L.Ed. 413; Garcia v. United States, 10 Cir., 373 F.2d 806; McCarthy v. United States, 10 Cir., 399 F.2d 708.

█ Appellants question the sufficiency of the prosecution's scientific evidence to support the court's finding in each case that the capsules sold contained LSD. Three chemists employed by the United States Food and Drug Administration qualified as experts in the field of drugs analysis and identification. After testing and analyzing the material by the use of accepted and recognized methods, all testified that in their opinion the capsules contained LSD. Scientific testing procedures and methods of laboratory analysis are matters of professional judgment about which experts may differ. Ordinarily the admission of expert testimony is within the discretion of the court. Clifton v. Mangum, 10 Cir., 366 F.2d 250; Campbell v. Clark, 10 Cir., 283 F.2d 766. All of the government's expert witnesses were experienced in the scientific field relating to their testimony, the admission of which was not an abuse of discretion. We have recently held that similar evidence was adequate to sustain a conviction. McCarthy v. United States, 10 Cir., 399 F.2d 708.

1. In overruling Morgan's motion to strike the testimony of Bankowski and the federal agent, the court found that " * * * the first overture regarding the sale of any LSD was made by the defendant himself * * *."

The final argument raised by defendants concerns the failure of the trial court to accede to certain requests made under Rule 16, F.R.Crim.P., for scientific data about LSD needed for the preparation of the defendants' case. As to Morgan, it may be observed that the contention is without substance because no request under Rule 16 was made. It is contended that samples of pure, or known LSD were needed for purposes of comparison. It is also the contention of the defendant that without the requested step-by-step testing procedures used by the government, the only strategy available to the defense was an attack, by means of academic testimony, the methods of testing used by the experts as revealed by cross-examination. The motion for discovery and inspection contained no request for samples of pure LSD. The desirability of having samples of pure LSD was not established until trial.

Following a request by counsel, the government furnished to the defense the result of laboratory analysis performed in connection therewith. The trial court, in ruling on the motion, also directed the government to prepare and deliver to the court for inspection in camera a statement setting forth the procedures involved in the anaylsis. After submission of the statement, the trial court determined that the statement was not subject to discovery and denied the motion relating to the procedure. Thereafter the government voluntarily provided the defense with samples of the purchased capsules, and as additional information within the purview of the court's order became available, it was forwarded to the defense.

■ Under Rule 16(a) (2), " *  *  * results or reports  *  *  * of scientific tests or experiments made in connection with the particular case" may be the subject of discovery and inspection, but it is not contemplated that the government shall prepare the defense in criminal cases. The procedures used were fully explored on cross-examination. The record discloses no prejudicial error in the court's denial to Wolford of the "step-by-step" procedures used by the government chemists in determining whether the purchased capsules contained LSD.

Affirmed.