Robert Leo CORCORAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22966.

United States Court of Appeals,
Ninth Circuit.

April 20, 1970.

George H. Chula (argued), Santa Ana,
Cal., for appellant.

Theodore E. Orliss (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and TRASK, Circuit Judges, and PENCE*, District Judge.

PER CURIAM:

Corcoran appeals from a conviction under 21 U.S.C. § 176a. The alleged offense is set out in the indictment:

" * * * On or about November 30, 1967, in Orange County, within the Central District of California, defendant Robert Leo Corcoran, with intent to defraud the United States, knowingly received, concealed and faciliated the transportation and concealment of approximately 150 pounds of marijuana, which said marijuana, as the defendant then and there well knew, theretofore had been imported into the United States contrary to law."

Evidence at trial indicated that Corcoran met with Driggers (a government informer) in Costa Mesa, California, on November 26, 1967, at which time Corcoran informed Driggers that he would be able to bring Driggers 400 pounds of marijuana from Tijuana. Next day, Corcoran met in Tijuana with Loeffler (also a government informer), at which time the two agreed to transport a load of marijuana across the United States border. The following morning, Corcoran and Loeffler loaded approximately 150 pounds of marijuana, which Corcoran had purchased from a third person, into the trunk of Loeffler's car and headed towards the border. Loeffler had previously informed United States Customs that the load of marijuana would be coming through; Corcoran was, of course, unaware that the government had been apprised of the venture. The marijuana was driven through Customs by Loeffler alone. Corcoran left the car shortly before the United States border, went through Customs on foot, and, posing as a hitchhiker, rejoined Loeffler shortly thereafter, on the U. S. side. They proceeded to Newport Beach, California, where they met Driggers, the apparent purchaser. Driggers and Loeffler were each unaware that the other was in the service of the government. The marijuana was loaded into Driggers' car. Corcoran and Driggers proceeded in this car to the Costa Mesa apartment of Corcoran's girlfriend, where Corcoran was arrested.

Corcoran asserts that it was error for the trial court to instruct the jury that it may find that Corcoran knew that the marijuana in question was illegally imported merely by virtue of the fact that he was in possession of it. The Supreme Court, in Leary v. U. S., 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), held that the use of this presumption is a denial of due process. In this case, however, the use of the presumption was entirely superfluous, since Corcoran admitted knowledge of as well as participation in the illegal importation. Even if Corcoran's own testimony could be construed as not of itself amounting to admission of these facts, such an admission was conclusively made by virtue of the fact that Corcoran raised the defense of entrapment. This defense is predicated upon an admission that the defendant committed *all* the acts which constitute the offense charged. Ortega v. United States, 348 F.2d 874 (9 Cir. 1965). While it was error for the trial court to instruct the jury that knowledge of illegal importation could be presumed if possession is proven, the effect of this error, if any, was to leave the jury with the false impression that it was even possible for the jury to find in defendant's favor on the non-issue of guilty knowledge. Any such error therefore would work in Corcoran's favor and is clearly harmless. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); and *compare* United States

* Honorable Martin Pence, United States District Judge, District of Hawaii, sitting by designation.

v. Scott, 425 F.2d 55 (9 Cir., decided March 6, 1970).

Corcoran next contends that "the government evidence established entrapment as a matter of law where the employer were [sic] paid a contingency fee depending on the success of the information supplied against the defendant." (Appellant's Brief, p. 33.) The record shows that Loeffler and Driggers were at least severally aware that their cooperation with the government in narcotic cases might result in leniency in charges then pending against themselves, but there was no evidence of actual *promise* of leniency. Loeffler was paid $1000 from the government for his cooperation, but this payment was not a "fee" payable under the terms of a prior agreement predicated on his "getting" Corcoran. On the contrary, Loeffler testified that he had not anticipated payment; in his words: "No money had been mentioned." (Tr. p. 290.) This court is not here presented with the problem reviewed in Williamson v. United States, 311 F.2d 441 (5 Cir. 1962), because Corcoran's contention is without factual support in the record.

There is in this case ample evidence to show that Corcoran was experienced with smuggling marijuana, and that the abortive smuggling scheme was the result of his own initiative rather than government-initiated persuasion. Hill v. United States, 261 F.2d 483, 488 (9 Cir. 1958). Corcoran did not object to the instructions to the jury on entrapment, and the evidence is more than sufficient to support the verdict.

Corcoran next urges that § 176a of Title 21 is not violated where an informer is permitted by the government to bring marijuana into the United States. In Juvera v. United States, 378 F.2d 433 (9 Cir. 1967), this court rejected this contention, characterizing it as "too frivolous to be worthy of comment" and "absurd." The appellant urges that the *Juvera* rule should not apply "where the informer merely transports the contraband across the border

for the accused who originated the offense in his own mind." (Appellant's Brief, p. 49.) The *Juvera* rule controls the facts of this case. The *Juvera* characterization is likewise apt here.

Corcoran next asserts that it was error for the trial court not to suppress as evidence the marijuana seized incident to his arrest, on the grounds that the arresting Customs agents failed to comply fully with the announcement statute, 18 U.S.C. § 3109. The statute provides as follows:

> "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

While the statute refers only to the execution of search warrants, it is established law that these provisions apply also to warrantless searches. Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958).

The government presented the testimony of two Customs agents who observed Corcoran and Driggers drive to the Costa Mesa apartment of Corcoran's girlfriend, and begin carrying marijuana into the apartment. In the back seat of the car the agents observed what appeared to be bricks of marijuana. Evidence was presented that the apartment door was open about one foot as the agents approached it; that one of the agents knocked, identified himself, and indicated that all of the occupants of the apartment were under arrest. Corcoran admits being at the other side of the door at about this time. An agent testified that the door began to close. The agents forcibly entered. Corcoran asserts that he was struck by the door as it opened. The agents placed all the occupants under arrest and seized two sacks of marijuana which were in plain sight in the room in which Corcoran was arrested.

Corcoran urges that the Customs agents should have made an explicit request to enter the apartment. The statute does not go so far. It authorizes entry if the agent is "refused admittance" after "notice of his authority and purpose." The closing of the door constituted the requisite "refusal of admittance." See McClure v. United States, 332 F.2d 19, 22 (9 Cir. 1964). The agents gave, according to their testimony, adequate notice of their authority and purpose. Under these circumstances an explicit request to enter would be a needless formality not required by the statute.

Finally, Corcoran asserts that various portions of the evidence were improperly admitted against him. For example, he urges that testimony of the two informers should not have been allowed as rebuttal because their testimony "related to the case in chief"; that the testimony of one Customs agent improperly "impeached" that of another; and that testimony concerning the seizure of Corcoran's car by Arizona Customs officials was improperly admitted. These alleged errors are without merit.

Affirmed.