**UNITED STATES of America, Petitioner,**

v.

**The Honorable Harry PREGERSON, United States District Judge, Respondent.**

**No. 71–1966.**

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1971.

Robert L. Brosio (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Kenneth P. Snoke, Asst. U. S. Atty., Los Angeles, Cal., for petitioner.

Laurence F. Jay (argued), Los Angeles, Cal., for respondent.

George H. Chula, Santa Ana, Cal., for real party of interest Corcoran.

Before HAMLEY, KOELSCH and KILKENNY, Circuit Judges.

PER CURIAM:

The government seeks to mandamus the district judge, to set aside an alleged illegal sentence imposed on Robert Leo Corcoran, and to sentence the defendant in accordance with law.

## FACTUAL BACKGROUND

On March 1, 1968, Corcoran was convicted in a jury trial of violation of 21 U.S.C. § 176a in connection with the transportation and concealment of approximately 150 pounds of marihuana, with full knowledge that it had been imported into the United States contrary to law. On March 26th, the court found that defendant was 21 years of age on the date of conviction and sentenced him to the custody of The Attorney General pursuant to 18 U.S.C. § 5010(b), until discharged by the Federal Youth Corrections Division of the Board of Parole as provided for in 18 U.S.C. § 5017(c). Corcoran's conviction was affirmed by a panel of this court. Corcoran v. United States, 427 F.2d 16 (1970). The spreading of the mandate was continued several times in the district court. It was finally spread on February 10, 1971. At that time, the court imposed a new sentence by ordering that the defendant be confined to a jail type institution for four consecutive weekends, commencing Saturday, February 20, 1971, and terminating Sunday, March 14, 1971, the execution of the remainder of the sentence of imprisonment to be suspended and the defendant placed on probation for a period of three years on the usual terms and conditions. The new sentence recited that it was imposed pursuant to the Federal Youth Corrections Act and 18 U.S.C. § 3651.

After the government's motion for correction of an illegal sentence under Rule 35 was denied, this proceeding was commenced. The defendant was at liberty on bail during the course of the appeal and until resentencing, with the excep-

tion of a two month period of confinement at Lompoc.

## ISSUE

The principal issue presented is the legality of the suspension of sentence and the placing of the defendant on probation.

■■ At the time of the original and of the imposition of the new sentence, the court was required to impose a sentence of " * * * not less than five * * * years * * * " on a violation of 21 U.S.C. § 176a. The suspension of the imposition or the execution of a sentence was prohibited on conviction for violation of certain narcotic offenses by 26 U.S.C. § 7237(d). This prohibition applies to violations of both 21 U.S.C. § 176a and § 174. Munich v. United States, 337 F.2d 356, 361 (9th Cir. 1964) (§ 174); Rivera v. United States, 318 F.2d 606, 609 (9th Cir. 1963) (§ 176a). Those sentenced under the Youth Corrections Act are not exempted from the requirements of 26 U.S.C. § 7237(d). United States v. Lane, 284 F.2d 935, 940–942 (9th Cir. 1960). Additionally, federal courts have no non-statutory authority to grant probation. United States v. Lane, *supra*.

■ The lower court specifically mentioned 18 U.S.C. § 3651 in connection with the suspension of sentence and granting of probation. True enough, § 3651 was amended in 1958, but that amendment did not, as argued by respondent, modify or repeal by implication § 7237(d), prohibiting the suspension of sentences and the granting of probation in certain narcotic offenses. United States v. Toy, 273 F.2d 625 (2d Cir. 1960). The fact that *Toy* was considering § 174, rather than § 176a is of no significance. Violations of both sections are included in § 7237(d).

The Controlled Substances Act,[1] Pub. L., No. 91–513 § 1101(a) (2), (b) (4) (A), 84 Stat. 1236, although passed by the Congress in October, 1970, repealing the relevant statutes, did not become effective until May 1, 1971,[2] and is of no help to respondent on this appeal.

While we fully understand the deep concern and compassionate interest of the trial judge in the welfare of those who come before him for sentencing and have no reason to doubt that Corcoran was well on his way to complete rehabilitation, the judge's sentencing authority was confined to that permitted by the cited statutes. Here, we hold that there was no unreasonable or unjustifiable delay such as was recognized in United States v. Carter, 270 F.2d 521 (9th Cir. 1959), and similar authorities. The sentence here imposed, including its suspension and grant of probation, was beyond the judge's power. We have no alternative but to grant the writ.

## CONCLUSION

This opinion shall serve as a writ of mandamus requiring respondent to vacate and set aside the illegal amended judgment and commitment made and entered on February 10, 1971, in United States of America v. Robert Leo Corcoran, Criminal Case No. 1371, in the United States District Court, Central District of California.

We express no opinion on the nature of the sentence which may be imposed on the resentencing. Initially, we leave to the district judge the question of whether he can now sentence under the legislation which became effective on May 1, 1971.

Writ granted.

---

1. 21 U.S.C. § 801 et seq.

2. Conceded by the parties.