Alphonso WALDRON, Appellant,

v.

UNITED STATES, Appellee.

No. 10147.

District of Columbia Court of Appeals.

Argued Sept. 9, 1976.

Decided March 22, 1977.

Rehearing en Banc Denied May 6, 1977.

David J. Schmit, Washington, D. C., appointed by this court, for appellant.

Robert M. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl

---

J. Silbert, U. S. Atty., John A. Terry, William D. Pease, Lillian A. McEwen, and Richard H. Saltsman, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

On appeal from a conviction of possession of a dangerous drug,[1] appellant challenges his arrest, search, and the seizure of the contraband on the ground that the reliability of the informant was not sufficiently shown generally, or specifically as to this case, and that he was denied rightful discovery of the chemist's rough notes made during the testing of the seized drug. We hold that the dual aspects of the applicable reliability test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723 (1964), were satisfied and that pretrial disclosure of the working or rough notes of the chemist, in addition to his "results or reports", was not required, the conviction is affirmed.

Appellant was arrested on the basis of a tip from a paid informant. The tip revealed that appellant was sitting on a milk crate at a specific corner and that he was selling narcotics. His race, dress, and age were also given in detail. Within two minutes, the arresting officer saw appellant as described, arrested him, and found the drugs in his coat pocket. Later, at the police station, appellant told the officer that he had two other tablets containing the drug in the back pocket of his pants.

As to previous reliability of the informant, the arresting officer knew from a fellow officer that the informant had been compromised in another area of the city and that he was there known as a "snitch" and of no further operative value. The arresting officer, therefore, contacted the informant and inquired whether he would do similar work in another area. The informant agreed to do so and it appears that the tip respecting appellant was his first productive disclosure to this officer. The informant had done "good work before" and was "reliable". The arresting officer was told of this fact also.

■ We do not deem it necessary to belabor the point for we are satisfied that institutionally the arresting officer was adequately apprised of the "underlying circumstances"[2] revealing the informant's past reliability. It is also apparent that the specific information furnished was of such currency and detail as to be from the informant's personal knowledge. *Mitchell v. United States*, D.C.App., 368 A.2d 514 (decided January 19, 1977); *Lawson v. United States*, D.C.App., 360 A.2d 38 (1976). Moreover, the specific tip was of sufficient detail as to adequately "verify itself". *Mitchell v. United States, supra*, at 516. Therefore, even assuming initial deficiency as to reliability, "the tip had been corroborated to an extent that it was reasonable to conclude that the informant was telling the truth". *Id.*, at 519 (Kern, J., concurring).

■ As to pretrial discovery of the rough laboratory notes of the chemist, we are informed that this is an issue of first impression here. However, since Rule 16 is substantially the same as its federal counterpart (Fed.R.Crim.P. 16) and is to be construed consistently with the federal rule (*Campbell v. United States*, D.C.App., 295 A.2d 498, 501 (1972)), we look to the only precedents in point—*United States v. Smaldone*, 484 F.2d 311 (10th Cir. 1973), and *Wolford v. United States*, 401 F.2d 331 (10th Cir. 1968). In *Wolford*, the accused sought "the 'step-by-step' procedures" used by the expert to test for LSD. The court declined to extend federal Rule 16 to such pedestrian details. In *Smaldone*, which dealt with detailed laboratory findings and records respecting cocaine analysis, the court relied on its *Wolford* precedent when the results of the test were disclosed.

---

1. D.C.Code 1973, § 33–702(a)(4).

2. *Aguilar v. Texas, supra* at 114, 84 S.Ct. 1509.

██ Here, the prosecution complied with Rule 16, *supra,* by furnishing the "results or reports" of the test performed. Nothing more was required by Rule 16, for to read that rule beyond its language would add, by construction, words (*e. g.,* "notes", "graphs", "work papers") which easily could have been included in drafting the rule if such had been contemplated. Moreover, before such a step is ever undertaken, the formal amendment, process, unlike case law construction, is the procedure best suited to weigh the administrative burden such a change might bring about.[3]

The judgment of conviction is

*Affirmed.*

---

**3.** Rule 16 has been amended since the trial of this case. *See* Federal Rules of Criminal Procedure Amendments Act of 1975, P.L.No.96–64, Dec. 1, 1975; and D.C.Code 1973, § 11–946. This amendment makes no difference in the result reached as the relevant language and its scope remain the same. *See also* ABA Standards, Discovery and Procedure Before Trial § 2.1(a)(iv), and Commentary at 66–68 (Approved Draft, 1970).