**UNITED STATES of America,**

v.

**Vincent PANEBIANCO et al., Defendants.**

**No. 62 CR 277.**

United States District Court
E. D. New York.

Jan. 3, 1963.

James J. Hanrahan, New York City, for defendant Panebianco, in support of motion.

Raymond B. Grunewald, Brooklyn, N. Y. (Joseph P. Hoey, Brooklyn, N. Y., of counsel), for the United States of America, opposed.

DOOLING, District Judge.

Proceeding under 26 U.S.C.A. § 7237 (c) (2), the United States Attorney has filed an information that the offense to which defendant Panebianco has pleaded guilty is a second narcotics offense by reason of the defendant's prior conviction of an offense the penalty for which was provided in one of the statutes enumerated in 26 U.S.C.A. § 7237(c) (1). Upon opportunity given in open Court to affirm or deny that he was identical with the person previously convicted, defendant admitted the prior conviction and the identity of person but moves for a declaration that both his convictions are under 18 U.S.C.A. § 371 and outside 26 U.S.C.A. § 7237 altogether

■ In 1953 defendant Panebianco was indicted and pleaded guilty in the United States District Court for the Southern District of New York upon a count charging conspiracy, from July 1951 to the date of indictment, to violate 26 U.S.C.A. §§ 2553(a) and 2554(a) and 21 U.S.C.A. §§ 173 and 174 (that is, conspiracy to deal with narcotic drugs that were not in or from a stamped package, without having any written order from the buyer on the Treasury Department form, where the drugs had been and were known to have been illegally imported). At the foot of the count the indictment cited in parentheses 18 U.S. C. § 371, the "general conspiracy" statute, which makes it a crime to conspire to commit any offense against the United States and to do any act to effect the object of the conspiracy.

At the time the alleged conspiracy was claimed to have been formed and until November 2, 1951, when the Boggs Act became law (65 Stat. 767), neither 21 U.S.C.A. § 174 nor 26 U.S.C.A. §§ 2553, 2554 [1] referred to "conspiracy" at all. However, 21 U.S.C.A. § 200–200b and 26 U.S.C.A. § 2557(b) (5), (6), (7) referred to convictions for "conspiring to sell, import, or export opium [etc.] * * *." in violation of the laws of the United States and provided enhanced penalties for second and third offenses. These sections were so phrased that they could, only with the greatest difficulty be read as, of themselves, creating the offense of conspiracy to sell, import or export opium or its derivatives in violation of law; it would require reading them as creating a "conspiracy" offense only where there had been an earlier conviction of the substantive offense—or of a conspiracy to sell, import or export. The reading is so strained—if not introducing a repugnancy—as to make it fairly plain that 21 U.S.C.A. § 200–200b, 26 U.S.C.A. § 2557(b) (5), (6), (7), originating in the Act of August 12, 1937 (50 Stat. 627), presupposed that a charge drawn under present 18 U.S.C.A. § 371 (then Section 88) could supply both first and second offense (for enhanced punishment purposes) if the object of the conspiracy was to sell, import or export narcotics in violation of 21 U.S.C.A. §§ 173, 174, 182 or 26 U.S.C.A. § 2553(a) or § 2554(a). The term "conspiracy" did not in these sections operate with manifest and advertent purpose to create a new conspiracy offense. How much of the substantive content of 21 U.S.C.A. §§ 173–174, 182 and 26 U.S.C.A. §§ 2553, 2554 was gathered up by the words "sell", "import" and "export" must remain uncertain: even by pressing aiding and abetting ideas to the limit and making the most of the conspiracy statute, it would be hard to crowd "receives, conceals, buys, sells, or * * * facilitates the transportation" into the three verbs "sells, imports or exports", and hardly much easier to fit in "purchase, * * * dispense, or distribute" and "give away".

1. 26 U.S.C.A. §§ 2553, 2554 correspond generally to present day 26 U.S.C.A. §§ 4704 and 4705.

The Boggs Act wholly repealed 21 U.S.C.A. § 200–200b and 26 U.S.C.A. § 2557(b) (5), (6), and (7) rewrote 21 U.S.C.A. § 174 and substituted a much expanded 26 U.S.C.A. § 2557(b) (1) for the former subsection (b) (1).[2] Section 174 was made to provide that "[w]hoéver * * * imports * * * any narcotic drug * * * contrary to law, or * * * sells, or * * * facilitates the * * * sale of any such narcotic drug * * * knowing the same to have been imported contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be fined [etc.] * * *." Section 2557(b) (1) was made to provide that "Whoever commits an offense or conspires to commit an offense described in this subchapter [which included §§ 2553 (a) and 2554(a)] * * * for which no specific penalty is otherwise provided, shall be fined [etc.] * * *." The Boggs Act also made the penalties uniform as between Sections 174 and the general terms of § 2557(b) (1)*, regularized the enhancement of penalty for repeated offenses and made imprisonment mandatory under both sections of the law.

The Senate Report (No. 1051, 82nd Cong. 1st Sess., 1951; 2 U. S. Code Congressional and Administrative Service, p. 2603, 1951), after summarizing the bill as one relating to the provision of greater uniformity and severity in penalties for the offenses of Section 174, the stamp tax offenses and the marihuana offenses, said that the bill—

"* * * would broaden the scope of what would constitute a prior conviction to include convictions for any prior violations of 21 United States Code 174 and those prior violations subject to the penalties provided in section 2557(b) (1) of the Internal Revenue Code and its antecedents, and section 2596 of such code. A conspiracy to commit violations of the above laws would be considered a specific offense."

The committee may, it seems, have assumed that a narcotics conspiracy indictment would have to be drawn under 18 U.S.C.A. § 371, would have to refer to and take its character from Section 174 or a section referred to in Section 2557(b) (1), and would then, give rise to first and second offenses—for enhanced sentence purposes—under the amended Sections 174 and 2557(b) (1). But the report is more ambiguous than the statute and can be read as if the last sentence quoted, respecting conspiracy, meant to exclude 18 U.S.C.A. § 371 from its scope because § 371 already entailed a "specific penalty" for the "conspiracy" as such as distinguished from the underlying offenses, not all of which did have "specific penalties" within the meaning of § 2557(b) (1). Then, as now, Section 371 provided a penalty of imprisonment up to five years and a fine up to $10,000, whereas no fine under Sections 174 and 2557(b) (1) then exceeded $2,000; the narcotics provisions were more severe in requiring imprisonment for not less than two years and in authorizing suspension of the imposition and execution of sentence of imprisonment only for a first offense. The sentence in the Committee report, finally, could mean that the language changes of the Boggs Act itself had made specific narcotics conspiracy—for the first time—a narcotics offense. That is, since "conspiracy" requires no definition beyond the word itself in a context of unmistakably illicit purpose (Cf. 18 U.S.C.A. § 371), the insertion of the expression "or conspires to commit" in Sections 174 and 2557(b) (1) must be referred to a purpose to make a narcotics offense of conspiracy to violate the narcotics laws. A substantive difference from 18 U.S.C. § 371 leaps out at once: if the Congress

---

2. 26 U.S.C.A. § 2557(b) (1) as rewritten by the Boggs Act is now, as more recently revised, 26 U.S.C.A. § 7237. The latter section unites in it the present form of the changes the Boggs Act made in 21 U.S.C.A. § 174.

* Section 2557(b) (2), (3) and (4) continued to contain specific penalties related to the narcotics occupational taxes.

meant to and did do that, it dispensed with the requirement that an overt act be proved as part of the offense, a requirement of 18 U.S.C.A. § 371, though not (e. g.) of the Sherman Act (15 U.S. C.A. §§ 1, 2) or the Civil Rights Act (18 U.S.C.A. § 241); Singer v. United States, 1945, 323 U.S. 338, 65 S.Ct. 282, 89 L.Ed. 285.

Panebianco was in 1953 fined $10,000 and sentenced to four years imprisonment. Only 18 U.S.C.A. § 371 could, then, support that sentence and it is not therefore possible to say that he was not indicted and sentenced under that statute; the narcotics statute, certainly, supplied the substantive illegality of objective but the offense was necessarily that of 18 U.S.C.A. § 371. Even if Sections 174 and 2557(b) (1) as they then existed were regarded as creating a substantive offense of conspiracy, and are regarded as support for the indictment of 1953, they could not have supported a sentence that exceeded the monetary penalty they authorized. Hence Panebianco did not then become a first offender for application now of Section 7237(c) unless either (a) a conviction and sentence unmistakably under § 371 is embraced in the language of § 7237(c) because Section 2557 (b) (1) in 1953 provided the "specific penalty" for a section 371 conspiracy to violate the narcotics law, superseding the general penalty of § 371; or (b) it is enough that in 1953 Panebianco might have been punished (though differently) under Section 174 or 2557(b) (1), treating them as substantively creating crimes of conspiracy that were embraced in the old indictment. Neither of these appears sound. The first alternative would make the old sentence an illegal one under § 174 and § 2557(b) (1) although it was plainly legal under § 371. The second treats § 7237 as disregarding the sentence in fact imposed—and the statute, § 371, authorizing it—where the purpose of § 7237 should be inferred to be to place actual first and actual second sentences under its common statutory scheme and not to authorize uniting a severer first offense sentence (under §

371) than the multiple offense statute (§ 7237) warranted with a mandatory second offense sentence under § 7237.

It follows that Panebianco cannot now be treated, as if he has previously been convicted of an offense the penalty for which was, in 1953, provided in 21 U.S. C.A. § 174 or 26 U.S.C.A. § 2557(b) (1). United States v. Buia, 2d Cir.1956, 236 F.2d 548 distinctly treats 21 U.S.C.A. § 174 and 26 U.S.C.A. § 7237(a) as making conspiracy to sell narcotics an offense as well as providing a specific punishment for that conspiracy. The Court held Buia to be a second offender, although his earlier conviction had been under 18 U.S.C.A. § 371, because he had been convicted of conspiracy to.sell narcotics and the penalty for that offense was, at the time of the second sentence, imposed under 21 U.S.C.A. § 174 and 26 U.S.C.A. § 7237(a). United States v. Toy, 2d Cir. 1960, 273 F.2d 625 makes plain that after 26 U.S.C.A. § 7237(c) assumed its present form, and referred back to the time of first sentence to determine how the first offense was then punishable, a sentence necessarily imposed under 18 U.S. C.A. § 371 could no longer be considered a first narcotics offense sentence for purpose of applying 26 U.S.C.A. § 7237(c). It can make no difference that here § 371 was involved in 1953, perhaps, only because it was the only available *sentencing* statute (as in the Toy case); the significant datum is the unavailability at the time of first sentence of a *narcotics* penalty statute able to support the sentence. United States v. Galgano, 2d Cir.1960, 281 F.2d 908 raised the very different question whether a reference to 18 U.S.C.A. § 371 in an indictment could result in limiting sentence, after trial, to the then milder penalties of § 371 notwithstanding that the indictment used the language of and cited 21 U.S.C.A. §§ 173, 174 and 26 U.S.C.A. § 4704(a), 4701, 4703, 4724(c) and 4771(a); the court held that no such limitation of penalty occurred and it said that the conspiracy alleged if proven constituted violations of 21 U.S.C.A. § 174 and 26 U.S.C.A. § 7237(a), treating these latter

statutes as substantive prohibitions of conspiracy. The Galgano case, if here relevant, means that the true import of the indictment and the statute to which sentence must be referred to justify it are the controlling elements and they must be congruent with each other and not, as here, incongruent.

 The present indictment, moreover, so far as concerns the Count pleaded to, does not present a count the penalty for which is currently provided for in subsections (a) or (b) of 26 U.S.C.A. § 7237 or 21 U.S.C.A. § 174; the indictment, as its contrasts with Count Two make evident, is very plainly drawn under 18 U.S.C.A. § 371 as a conspiracy to commit the offense of 26 U.S.C.A. § 4704(a) and eschews reference to 21 U.S.C.A. § 174 and to 26 U.S.C.A. § 7237(a). Hence, the alleged second offense is not one of the class defined by 26 U.S.C.A. § 7237(a); nothing in the count gave notice that the Government would, or founded a right in it to, claim the enhanced penalties of 26 U.S.C.A. § 7237.