**UNITED STATES of America, Plaintiff,**

v.

**Thomas Raymond CHAPPELL,
Defendant.**

**No. 2142.**

United States District Court
C. D. California.

Oct. 8, 1968.

Wm. M. Byrne, Jr., U.S.Atty., Robert L. Brosio, Asst.U.S.Atty., Chief Criminal Division, and Eric A. Nobles, Asst. U.S.Atty., Los Angeles, Cal., for plaintiff.

Simon, Sheridan, Murphy, Thornton & Medvene, by Thomas R. Sheridan, Los Angeles, Cal., for defendant.

## DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW

HAUK, District Judge.

This matter comes on before the court in the following way: In March, 1968, the defendant was indicted in three counts for violations of the federal narcotic laws. He was arraigned and pleaded not guilty. On June 4, 1968 the government filed a superseding information charging the defendant with a violation of 26 U.S.C. § 4704(a), and the defendant pleaded guilty to this offense. On July 24, 1968 the government filed an "Information Re Prior Conviction of Defendant" in which the defendant is charged with being the person who on July 5, 1966 in the U. S. District Court for the District of Arizona in Case No. C–17514 plead guilty to a violation of 26 U.S.C. § 4744(a) and was sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(a), to two years probation; and further that this offense "constitutes a prior offense within the meaning of Title 21 [sic!], Section 4704(a), United States Code and Title 26, Section 7237, United States Code."

The government contends that the defendant is a "second or subsequent" offender within the meaning of 26 U.S.C. § 7237 and, therefore, must be sentenced to at least the mandatory minimum sentence of five years without possibility of probation or parole.

The defendant was arraigned on the "Information Re Prior Conviction" and in open court affirmed that he is identical with the person who had been convicted and sentenced in Phoenix, Arizona in Case No. C–17514 as alleged; but defendant denies that this prior conviction constitutes a "prior conviction" or makes him a "second or subsequent of-

fender" as these phrases are used in 26 U.S.C. § 7237.

The matter was briefed and argued by counsel for the respective parties and the court now makes its decision, finding of facts and conclusions of law in essence holding that the defendant's prior conviction in the U. S. District Court in Phoenix, Arizona does not constitute "a prior offense" and does not make the defendant "a second or subsequent offender" within the meaning of 26 U.S.C. § 7237.

## I

## STATUS OF THE CASE

A. Prior conviction—Phoenix, Arizona

On July 5, 1966, defendant in the United States District Court for the District of Arizona was sentenced under the provisions of Title 18, United States Code, Section 5010(a) to two years probation for a violation of 26 U.S.C. 4744 (a).

B. The present charge—

In April of 1967, the defendant was arrested on this case. In March of 1968, defendant was indicted in three counts, and in April of 1968 the defendant was arraigned, pleaded not guilty and was set for trial.

On June 4, 1968, plaintiff filed an information charging that on April 3, 1967, defendant had violated 26 U.S.C. § 4704(a).

The defendant has pleaded guilty to this one count information; and the plaintiff contends that 26 U.S.C. § 7237 is the controlling provision as far as sentencing is concerned.

The plaintiff has filed an "Information Re Prior Conviction of Defendant Thomas Raymond Chappell." The defendant does not contest that he is the person who was sentenced by United States District Judge Craig in Phoenix, Arizona, under the provisions of 18 U.S.C. § 5010(a), but defendant denies that this prior conviction "constitutes a prior offense within the meaning of Title 21 [sic!] Section 4704(a) United

States Code, and Title 26, United States Code, Section 7237" as alleged in this information.

## II

## PERTINENT STATUTES

26 U.S.C. 4704(a) is part of Chapter 39, Subchapter A, Part I, and provides in pertinent part:

"§ 4704. Packages

(a) General requirement—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

26 U.S.C. 4744(a) is part of Chapter 39, Subchapter A, Part II, and provides in pertinent part:

" § 4744. Unlawful possession

(a) Persons in general—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a)—

(1) to acquire or otherwise obtain any marihuana without having paid such tax; or

(2) to transport or conceal, or in any manner facilitate the transportation or concealment of, any marihuana so acquired or obtained.

Proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this subsection and of liability for the tax imposed by section 4741(a)."

26 U.S.C. § 7237 is part of Chapter 75, Subchapter A, Part II, and provides in pertinent part:

"§ 7237. Violation of laws relating to narcotic drugs and to marihuana

(a) Where no specific penalty is otherwise provided.—Whoever commits an offense, or conspires to commit an offense, described in part I or part II of subchapter A of chapter 39 for which no specific penalty is otherwise provided, shall be imprisoned not less than 2 or more than 10 years and, in addition, may be fined not more than $20,000. For a second offense, the offender shall be imprisoned not less than 5 or more than 20 years and, in addition, may be fined not more than $20,000. For a third or subsequent offense, the offender shall be imprisoned not less than 10 or more than 40 years and in addition may be fined not more than $20,000." * * *

(c) Conviction of second or subsequent offense—

(1) Prior offenses counted—For purposes of subsections (a), (b), and (d) of this section, subsections (c) and (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), and the Act of July 11, 1941, as amended (21 U.S.C., sec. 184A), an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which was provided in subsection (a) or (b) of this section or in—

(a) subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act (21 U.S.C., sec. 174);

(b) the Act of July 11, 1941 (21 U.S. C. 184A);

(c) section 9 of the Act of December 17, 1914 (38 Stat. 789);

(d) section 1 of the Act of May 26, 1922 (42 Stat. 596);

(e) section 12 of the Marihuana Tax Act of 1937 (50 Stat. 556); or

(f) section 2557(b) (1) or 2596 of the Internal Revenue Code of 1939.

For purposes of determining prior offenses under the preceding sentence, a reference to any subsection, section, or Act providing a penalty for an offense shall be considered as a reference to such subsection, section, or Act as in effect (as originally enacted or as amended, as the case may be) with respect to the offense for which the offender previously has been convicted.

(2) Procedure—After conviction (but before pronouncement of sentence) of any offense the penalty for which is provided in subsection (a) or (b) of this section, subsection (c) or (h) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in subsection (a) or (b) of this section, subsection (c) or (h) of such section 2, or such Act of July 11, 1941, as amended, as the case may be.

(d) No suspension of sentence; no probation; etc.—Upon conviction—

(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense,

the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of Title 18, United States Code, and the Act of July 15,

1932 (47 Stat. 696; D.C. Code 24–201 and following), as amended, shall not apply."

18 U.S.C. § 5010(a) is part of the Federal Youth Corrections Act that was enacted by Congress on September 30, 1950 and provides special provisions for persons under the age of 22 at the time of conviction; and it provides in pertinent part:

"§ 5010. Sentence

(a) If the Court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence and place the youth offender on probation."

Although plaintiff's "Information Re Prior Conviction" alleges 21 U.S.C. § 4704(a), there is no such statute.

### III

### PLAINTIFF'S POSITION RE PRIOR OFFENSE

The plaintiff contends that even though the defendant was sentenced pursuant to 18 U.S.C. § 5010, the penalty for a violation of 26 U.S.C. § 4744(a) is provided by 26 U.S.C. § 7237; and, therefore, the defendant has a prior offense as defined in 26 U.S.C. § 7237(c).

### IV

### DEFENDANT'S POSITION RE PRIOR OFFENSE

The defendant contends that 26 U.S.C. § 7237(c) defines a prior offender as one who "previously has been convicted of any offense," the penalty for which was provided by certain designated statutes; that he was sentenced in the prior case by being placed on probation under the Federal Youth Corrections Act, 18 U.S.C. § 5010(a); that 18 U.S.C. § 5010(a) is not one of those certain designated statutes; and that, therefore, the defendant is not a prior offender within the meaning of 26 U.S.C. § 7237.

### V

### DECISION OF THE COURT

Each of the parties has filed written briefs and has argued the matter before the Court. It appears that this is a matter of first impression and the Court must seek guidelines of general principles of law in arriving at its decision that the defendant herein does not have a prior conviction within the meaning of 26 U.S.C. § 7237(c).

Criminal status must be strictly construed against the prosecution and in favor of the defendant. Indeed, this truism was inspired by and is required by the "due process clause of the constitution.

The United States Supreme Court has frequently and consistently construed statutes involving criminal sanctions very strictly and the "void for vagueness" doctrine has been often used as the lethal constitutional weapon to strike down criminal statutes that are ambiguous, internally contradictory, or lacking in certainty, definiteness and precision. For example, quotations from the following cases indicate the current application of this doctrine:

(a) "The court noted in the travel case that 'precision must be the touchstone of legislation affecting basic freedom.'" Aptheker v. Secretary of State, 378 U.S. 500, 84 S.Ct. 1659, 12 L.Ed.2d 992 (1964)

(b) "Inexplicably contradictory commands in statutes ordaining criminal penalties have, in the same fashion, judicially been denied the force of criminal sanctions." Raley v. State of Ohio, 360 U.S. 423, 438, 79 S.Ct. 1257, 1266, 3 L.Ed.2d 1344 (1959)

(c) "A defendant has the 'right to have available, through a sufficiently precise statute, information revealing the standard of criminality before commission of the alleged offense.'" Watkins v. United States, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273 (1957)

(d) "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by this statute. The underlying principle is that no man shall be

held criminally responsible for conduct which he could not reasonably understand to be proscribed." United States v. Harriss, 347 U.S. 612, 74 S. Ct. 808, 98 L.Ed. 989 (1954)

(e) "Men of common intelligence cannot be required to guess at the meaning of the enactment." Winters v. People of State of New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948)

Mandatory sentences have been criticized in a number of recent exhaustive studies as failing to accomplish the desired, and because of their lack of flexibility and their frequent undue harshness.

The President's Commission on Law Enforcement and Administration of Justice in its "Task Force Report: The Courts" (1967) in Chapter 2, *Sentencing*, recommends against mandatory sentences as follows:

"Mandatory sentences, however, prevent the courts from basing their sentences on the relative importance of these factors in each case. Judges and prosecutors often regard punishment by long mandatory terms as unreasonably harsh, and they are faced with the dilemma of adhering to the statutory requirement or avoiding it to produce results that seem to be just in individual cases. * * *

There is persuasive evidence of non-enforcement of these mandatory sentencing provisions by the courts and prosecutors.

\* \* \* \* \* \*

Where prosecutors have sought the imposition of long mandatory sentences, the courts have often refused to enforce the statutes or have narrowed their application. In Detroit, for example, the judges opposition to the mandatory 20-year minimum sentence for sale of narcotics is so great that they have almost always refused to accept guilty pleas to that offense and have instructed defense counsel and prosecutors to negotiate for a reduction of the charge to possession or use. * * * Under the former New York Penal Law, the courts construed the term 'convicted' in the statute requiring increased sentences for habitual offenders as not including instances where an offender had previously been found guilty of a felony but had received a suspended sentence." (at p. 16).

The tentative draft of the American Bar Association Project on Minimum Standards for Criminal Justice, entitled "Standards Relating to Sentencing Alternatives and Procedures" (December 1967) makes the following observations:

"(There is) a necessary corollary to the conclusion that a small number of sentencing categories will sufficiently arm the system with the sanctions necessary for the many different types of offenders who come before the courts. It is based on the premise that legislative attempts to particularize dispositions in advance and in the abstract cannot adequately account for the variations which will occur. There are inevitably going to be instances where a rigid sentencing structure, rigid with respect to a particular offense or to an entire punishment category, will require a disposition which even the strongest proponents of sentencing severity would disdain. The result in practice will be nullification of the statute or injustice to the individual, in neither case a desirable objective."

The language in 26 U.S.C. § 7237(c) must be analyzed and interpreted and applied to the instant case. Said section provides that an offender shall be considered a second or subsequent offender "if he previously has been convicted of any offense, the penalty for which was provided in" certain designated statutes including:

26 U.S.C. § 7237(a); 26 U.S.C. § 7237(b); 21 U.S.C. § 174; 21 U.S.C. § 184a; 38 Stat. 789; 42 Stat. 596; 50 Stat. 556; 26 U.S.C. § 2557(b) (1); and 26 U.S.C. § 2596.

The defendant herein on his prior conviction was sentenced under 18 U.S.C. §

5010, which is part of the Federal Youth Corrections Act (18 U.S.C. §§ 5005–5024) and none of these statutory provisions are named in 26 U.S.C. § 7237(c). Thus, literally, the defendant has not been convicted of an offense, the penalty for which was provided in any of the designated statutes. It should be noted that the language "was provided" is in the past tense. And the previous sentence, in the prior case, was provided by 18 U.S.C. § 5010(a). The Court must construe this criminal statute strictly, and against the prosecution.

The Court is not allowed to construe "was provided" as a possibility when the Court has the actual facts available to it. It is true that the sentencing judge in the prior case could have sentenced the defendant pursuant to 26 U.S.C. § 7237(a), but he, in fact, sentenced the defendant pursuant to 18 U.S.C. § 5010(a). The ambiguity, if any, in the application of the words "was provided" must be resolved in favor of the defendant and, in doing that in this case, the Court concludes that the defendant does not have a prior offense within the meaning of 26 U.S.C. § 7237(c). There are two Ninth Circuit cases that have construed the relationship between 18 U.S.C. § 5010(a) and 26 U.S.C. § 7237(d) and held that 18 U.S.C. § 5010(a) was either repealed in part or amended by 26 U.S.C. § 7237(d) whereby the latter prohibits probation in certain cases. But this is not the specific problem that the defendant has raised here. United States v. Lane, 284 F.2d 935 (9th Cir. 1960); United States v. Gibbs, 285 F.2d 225 (9th Cir. 1960).

In United States v. Panebianco, 212 F.Supp. 590 (E.D.N.Y.1963) District Judge Dooling, in a proceeding identical to the one facing this Court, held that a prior conviction of a conspiracy to deal with narcotic drugs that were not in or from a stamped package, without having any written Treasury Department order from the buyer, in violation of 26 U.S.C. §§ 2553(a) and 2554(a), and 21 U.S.C. §§ 173, 174, and all in violation of the general conspiracy statute, 18 U.S.C. §

371, wherein Panebianco was sentenced to four years imprisonment and a $10,000 fine under the conspiracy statute, 18 U.S.C. § 371, did not constitute a "prior offense" within the meaning of 26 U.S.C. § 7237(c).

■ Similarly, we here now hold that the defendant's prior conviction of a violation of 26 U.S.C. § 4744(a) where he was sentenced pursuant to the provisions of 18 U.S.C. § 5010(a), does not constitute a "prior offense" within the meaning of 26 U.S.C. § 7237(c).

In accordance with the foregoing decision which shall also constitute findings of fact and conclusions of law, the Court now makes its formal findings of fact and conclusions of law.

## FINDINGS OF FACT

1. On July 5, 1966, the defendant in the U.S. District Court for the District of Arizona was sentenced for a violation of 26 U.S.C. § 4744(a), pursuant to the provisions of 18 U.S.C. § 5010(a), to two years probation.

2. The defendant's probationary term on his Arizona conviction has expired.

3. The defendant has pleaded guilty in this Court in case No. 2142 to a violation of 26 U.S.C. § 4704(a).

4. The plaintiff has filed an "Information Re Prior Conviction of Defendant, Thomas Raymond Chappell," in which it alleges the defendant's prior conviction in the U.S.District Court for Arizona, wherein the defendant was sentenced pursuant to 18 U.S.C. § 5010(a), "constitutes a prior offense within the meaning of Title 21 [sic!], Section 4704(a), United States Code and Title 26, United States Code, Section 7237."

5. There is no such statute as Title *21*, Section 4704(a), United States Code. Obviously this is a clerical mistake and the Information should have alleged Title *26*, Section 4704(a), United States Code. (Emphasis added)

6. The defendant is the person who was previously convicted and sentenced by U.S. District Judge Craig in Phoenix,

Arizona, under the provisions of 18 U.S.C. § 5010(a), by being placed on probation thereunder.

7. The defendant does not have a previous conviction and has not been previously convicted within the meaning of 26 U.S.C. § 7237(c).

## CONCLUSIONS OF LAW

1. A previous conviction of a violation of 26 U.S.C. § 4744(a) wherein the defendant had been sentenced pursuant to the provisions of 18 U.S.C. § 5010(a) does not constitute a "prior offense" or make the defendant a "second or subsequent offender" within the meaning of 26 U.S.C. § 7237(c).

It is hereby ordered that the defendant be found not guilty of the Information Re Prior Conviction filed in this case by the plaintiff, and defendant's conviction in Arizona does not constitute "a prior offense" and does not make the defendant "a second or subsequent offender" within the meaning of 26 U.S.C. § 7237.

Let judgment be entered accordingly.