**UNITED STATES of America,**
**Appellee,**

v.

**William WILSON, Appellant.**
**No. 155, Docket 32254.**

United States Court of Appeals
Second Circuit.

Argued Oct. 31, 1968.
Decided Dec. 5, 1968.

Phylis Skloot Bamberger, New York City (Anthony F. Marra, New York City, on the brief), for appellant Wilson.

Stephen F. Williams, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, Charles B. Updike and John H. Adams, Asst. U. S. Attys., on the brief), for appellee.

Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of conviction in the United States District Court for the Southern District of New York after a trial without a jury.

Appellant was found guilty of selling, receiving, concealing and facilitating the transportation, concealment and sale of heroin in violation of 21 U.S.C. §§ 173 and 174 (1964). In connection with sentencing, the United States Attorney filed an information, pursuant to 26 U.S.C. § 7237(c)(2) (1964), showing that appellant had previously been convicted of a narcotics offense as defined in 26 U.S.C. § 7237(c)(1) (1964) for violating 21 U.S.C. §§ 173 and 174, and had been sentenced as a youth offender under 18 U.S.C. §§ 5010(b) and 5017(c) (1964). Appellant was sentenced to ten years imprisonment as a second offender under 21 U.S.C. § 174.

The only question raised on this appeal is whether appellant was properly sentenced as a second offender. At the conclusion of the oral argument we held that he was and we now state briefly our reasons for that holding.

21 U.S.C. § 174 [1] refers to 26 U.S.C. § 7237(c) [2] to determine whether an

---

1. 21 U.S.C. § 174 (1964).

"§ 174. Same; penalty; evidence.

Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

\* \* \*"

2. 26 U.S.C. § 7237(c)(1) (1964).

"(c) Conviction of second or subsequent offense.—

(1) Prior offenses counted.—For purposes of subsections (a), (b), and (d) of this section, subsections (c) and (h)

individual is a second offender. Section 7237(c)(1) provides that "an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of an offense the penalty for which was provided in * * * subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act (21 U.S.C. sec. 174) * * *" or in various other statutes, not including 18 U.S.C. §§ 5010 and 5017, under which appellant was sentenced for his first conviction.

Appellant argues that he is not a second offender because the penalty he actually received "was provided in" none of the listed sections.

The legislative history of § 7237(c) of the Internal Revenue Code of 1954 demonstrates that second offender status is to be determined by a prior conviction under one of the statutes enumerated therein rather than by the actual imposition of sentence under one of them.

The predecessor of § 7237(c) was § 2557(b) of the Internal Revenue Code of 1939. As enacted in 1939, § 2557(b) predicated second offender status on a prior conviction for various narcotics offenses and made no mention of the sentence imposed. Internal Revenue Code of 1939, ch. 2, § 2557(b), 53 Stat. 1, 274–276.

Section 2557 was amended by the Act of November 2, 1951, ch. 666, 65 Stat. 767, 768, to provide for second offender treatment if an offender "previously has been convicted of any offense the penalty for which is provided in this paragraph or in section 2(c) of the Narcotic Drugs Import and Export Act, as amended (U.S.C., title 21, sec. 174), or if he previously has been convicted of any offense the penalty for which was provided in" various statutes that had been repealed or rewritten. The report of the Senate Finance Committee accompanying the bill which was later enacted indicates that the prior conviction rather than the prior sentence was to continue to be the basis for determining second offender status. S.Rep.No. 1051, 82d Cong., 1st Sess. (1951), reprinted in 1951 U.S.Code Cong. and Adm. Service 2602, 2603.

The Internal Revenue Code of 1954 renumbered § 2557 as § 7237 but made no substantive changes in it. 1954 U.S. Code Cong. and Adm.News 4017, 4576, 5256.

In 1956 § 7237 was amended to change the determination of second offender status in certain circumstances. The amendment changed the statutory phrase from "is provided" to "was provided" so that an offender is a second offender if the penalty under his prior conviction "was provided" in one of the enumerated statutes at the time of the first conviction. This amendment was intended to "clarify the offenses that constitute prior convictions for purposes of the act." H.Rep. No. 2388, 84th Cong., 2d Sess. (1956), reprinted in 1956 U.S. Code Cong. and Adm.News 3274, 3278.

---

of section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C. sec. 174), and the Act of July 11, 1941, as amended (21 U.S.C. sec. 184a), an offender shall be considered a second or subsequent offender, as the case may be, if he previously has been convicted of any offense the penalty for which was provided in subsection (a) or (b) of this section or in—

(A) subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act (21 U.S.C., sec. 174);

(B) the Act of July 11, 1941 (21 U.S.C., sec. 184a);

(C) section 9 of the Act of December 17, 1914 (38 Stat. 789);

(D) section 1 of the Act of May 26, 1922 (42 Stat. 596);

(E) section 12 of the Marihuana Tax Act of 1937 (50 Stat. 556); or

(F) section 2557(b)(1) or 2596 of the Internal Revenue Code of 1939.

For purposes of determining prior offenses under the preceding sentence, a reference to any subsection, section, or Act providing a penalty for an offense shall be considered as a reference to such subsection, section, or Act as in effect (as originally enacted or as amended, as the case may be) with respect to the offense for which the offender previously has been convicted."

There is nothing to suggest that this amendment was intended to change the law by basing second offender status on the sentence imposed for the prior offense, rather than on the fact of the prior conviction.

Section 7237 was construed by this court in United States v. Toy, 273 F.2d 625 (2d Cir. 1960) and United States v. Buia, 236 F.2d 548 (2d Cir. 1956). In neither case was relevance attributed to the sentence imposed rather than to the prior conviction in deciding whether the defendant was a second offender.

The procedure set forth in § 7237 (c)(2) for determining second offender status under § 7237(c)(1) also serves to defeat appellant's argument. It requires a showing of a prior conviction under the listed statutes. No showing need be made with respect to the sentence imposed for the prior conviction.

Several cases decided under § 7237 have held the defendant to be a second offender where he was previously convicted under one of the listed statutes even though sentence was suspended. See United States v. Sierra, 297 F.2d 531 (2d Cir. 1961), cert. denied, 369 U.S. 853, 82 S.Ct. 939, 8 L.Ed.2d 11 (1962); United States v. Rivera, 224 F.2d 88 (2d Cir. 1955); Tanzer v. United States, 278 F.2d 137 (9th Cir.), cert. denied, 364 U.S. 863, 81 S.Ct. 103, 5 L.Ed.2d 85 (1960).[3] Appellant's situation is closely analogous to the situation of the defendants in the suspended sentence cases.

No purpose of the youth offender statute would be served by refusing to treat appellant as a second offender. Section 5010 is designed to afford an opportunity for rehabilitation. Appellant did not take advantage of that opportunity. There is thus no rational basis for disregarding his previous conviction.

3. In United States v. Salas, 387 F.2d 121, 122 (2d Cir. 1967), the court held that "a presidential pardon not granted on a finding of innocence does not prevent the

 Appellant has filed an application for rehearing on the basis of United States v. Chappell, 292 F.Supp. 494, C.D.Cal., October 8, 1968 decided after the filing of appellant's briefs, which reaches a result contrary to the decision we announced at oral argument. The *Chappell* opinion argues that § 7237 should be strictly construed because the mandatory sentences to which the section refers are undesirably inflexible and tend to be unduly harsh. We do not agree with that basis for statutory interpretation. It is for Congress, and not the courts, to assess the desirability of criminal sanctions in the absence of any constitutional infirmity.

The judgment is affirmed and the application for rehearing is denied.

use of a conviction for the purposes of the second offender provisions of 26 U.S.C. § 7237(b)."