UNITED STATES of America, Appellant,

v.

William Carl TRUELOVE, Appellee.

No. 75–1079.

United States Court of Appeals, Fourth Circuit.

Argued June 9, 1975.

Decided Oct. 13, 1975.

---

Hunter W. Sims, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., Eastern Dist. of Va., on brief), for appellant.

William Eugene Buyrn, Chesapeake, Va. [Court-appointed counsel], for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal raises the question of whether a conviction for transporting untaxed marihuana is a prior conviction for the purposes of sentencing under the Comprehensive Drug Abuse Prevention and Control Act of 1970.[1] We hold that it is.

William Carl Truelove pled guilty to a 1970 violation of 26 U.S.C. § 4744(a)(2)[2] involving transportation of marihuana on which the transfer tax of $100 an ounce had not been paid, and he was sentenced to five years in prison.[3] In 1974 he was convicted of a charge of distributing cocaine[4] and is now awaiting sentence. Before the second trial, the United States Attorney filed an information charging that Truelove had previously been convicted of a felony relating to marihuana.[5] The district court, however, did not consider Truelove a second offender. It pointed out that 21 U.S.C. § 841(a)(1) makes it unlawful for a person "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a con-

trolled substance." The court reasoned that a prior conviction which would subject a person to enhanced punishment as a second offender must be for an offense of a similar nature. It described Truelove's 1970 offense as tax evasion, which it considered to be so different from the conduct prohibited by § 841 that it believed Congress did not intend subjecting a person who failed to pay a tax to the severe punishment prescribed for a second offender. The government noted an interlocutory appeal, and the court deferred sentencing.[6]

The pertinent clause of 21 U.S.C. § 841(b)(1)(A) is unambiguous. It identifies a second offender as one who violates § 841(a) after having been convicted "for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter[7] or subchapter II of this chapter[8] or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances . . . ." The Act classifies prior convictions into two groups. The first concerns previous in-

1. Section 401(b)(1)(A) of the Act, 21 U.S.C. § 841(b)(1)(A), provides in part:

   ". . . If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment of not more than 30 years, a fine of not more than $50,000, or both. . . ."

2. This statute made the transportation of marihuana without payment of the transfer tax a crime punishable, according to 26 U.S.C. § 7237(a), by imprisonment for two to ten years and a fine of not more than $20,000. It was repealed by the Comprehensive Drug Abuse Prevention and Control Act of October 27, 1970, Pub.L. No. 91–513, Title III, § 1101(b)(3)(A), 84 Stat. 1292. Title II of the Comprehensive Act, 21 U.S.C. §§ 801 et seq. now deals with the domestic use of marihuana, and Title III, 21 U.S.C. §§ 951 et seq. governs its importation.

3. Truelove had been indicted for smuggling a large amount of marihuana in violation of 21

U.S.C. § 176. As a result of a plea bargain, he pled guilty to a charge of transporting untaxed marihuana. Before accepting Truelove's guilty plea, the district judge fully informed him that he would have a fifth amendment defense to that charge. See Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). Nevertheless, Truelove decided to waive this defense and plead guilty, rather than stand trial for smuggling. He does not contest the validity of his guilty plea.

4. See 21 U.S.C. § 841(a)(1).

5. This procedure is required by 21 U.S.C. § 851(a)(1).

6. See 21 U.S.C. § 851(d)(2).

7. This is subchapter I of Chapter 13 of 21 U.S.C., originally enacted as the Controlled Substances Act, Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970.

8. Subchapter II of Chapter 13 of 21 U.S.C. was originally enacted as the Controlled Substances Import and Export Act, Title III of the Comprehensive Drug Abuse Prevention and Control Act of 1970. Titles II and III contain all of the criminal provisions under the Comprehensive Act.

fractions of the Comprehensive Drug Abuse Prevention and Control Act and, therefore, supports the district court's reasoning that Congress intended to identify as second offenders felons who repeatedly violate the Act. The second class consists of convictions for felonies under other laws related to drugs. This dual classification demonstrates that the designation of second offenders is not restricted merely to those previously convicted of crimes punishable under the Comprehensive Act.

■ Criminal statutes must be strictly construed, but when they are unambiguous, they should be interpreted according to their plain language. *United States v. White*, 475 F.2d 1228, 1234 (4th Cir. 1973). The Act identifies as a second offender a person who is convicted of violating § 841(a) after having been convicted of a felony under a federal law relating to marihuana. The federal statute under which Truelove was convicted related to marihuana, and a conviction under it was a felony because it was punishable by imprisonment for more than one year.[9] Since Truelove was convicted of distributing cocaine in violation of § 841(a)(1) after he had been convicted of transporting untaxed marihuana, he fits the statutory definition of a second offender.

When a statute is unequivocal, resort to legislative history is unnecessary. *United States v. Oregon*, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). In view, however, of Truelove's reliance on congressional intent as discerned by the district court, we add that the legislative history supports our analysis of § 841(b)(1)(A). The Comprehensive Drug Abuse Prevention and Control Act of 1970 now includes all federal criminal provisions relating to marihuana. Therefore, since the first group of offenses under § 841(b)(1)(A) encompasses all current laws relating to marihuana, the term "other law" in the second group of offenses must refer to a statute in force prior to the Comprehensive Act. Formerly, the Marihuana Tax Act of 1937, as amended, controlled all domestic transactions of marihuana.[10] This law, ostensibly a revenue measure, was enacted "to discourage the widespread use of the drug" and "through the $100 transfer tax to prevent the drug from coming into the hands of those who will put it to illicit uses."[11] Thus, if it is to mean anything at all, the term "other law of the United States relating to . . . marihuana" in § 841(b)(1)(A) must include the Marihuana Tax Act of 1937.

■ Further support for our analysis is provided by the Senate Report on the Comprehensive Act, which contains a list of statutes "regulating dealings in narcotic and dangerous drugs" to be repealed by the Comprehensive Act. The list includes the Marihuana Tax Act.[12] Therefore, it is fair to infer that Congress intended the Tax Act, which it described as regulating marihuana, to be among the "other laws" mentioned in § 841(b)(1)(A). Certainly a law "regulating" marihuana is a law "relating" to marihuana.

■ The district court's ruling was based in part on the incongruity of exposing a prior offender who transported untaxed marihuana to the severe penalties that can be imposed on one who trafficked in other narcotics. But the concern about disparate sentences does not justify interpreting § 841(b)(1)(A) as

---

9. *See* 18 U.S.C. § 1(1) and 26 U.S.C. § 7237(a).

10. The Tax Act was codified as 26 U.S.C. §§ 4741 et seq. It was repealed by the Comprehensive Act of 1970, which uses the Commerce Clause, instead of the taxing power, as a jurisdictional base to control marihuana, *see* 21 U.S.C. § 801. *See generally United States v. Lopez*, 459 F.2d 949 (5th Cir. 1972).

Foreign traffic in marihuana was governed by 21 U.S.C. § 176a, a provision of the Narcotic Drugs Import and Export Act, which made

unlawful the illegal importation and smuggling of marihuana. It too was repealed by the 1970 Act, *see* note 2, *supra*. *See generally* II Working Papers of the National Commission on Reform of Federal Criminal Laws 1068–70 (1970).

11. *Leary v. United States*, 395 U.S. 6, 23, 89 S.Ct. 1532, 1541, 23 L.Ed.2d 57 (1969), *quoting* H.R.Rep.No.792, 75th Cong., 1st Sess. 1 and 2 (1937).

12. S.Rep.No.613, 91st Cong., 1st Sess. 34 (1969).

excluding violations of the Marihuana Tax Act. With the exception of the special parole term,[13] § 841(b)(1)(A) imposes no minimum mandatory punishment for second offenders. The statute grants a court broad discretion, enabling it to take into consideration the nature of a prior offense when it decides what punishment is appropriate for a second offender.

Finally, we note that the cases on which Truelove relies, *United States v. Chappell,* 292 F.Supp. 494 (C.D.Cal.1968), and *United States v. Panebianco,* 212 F.Supp. 590 (E.D.N.Y.1963), deal with a differently worded statute concerning second offenses. Therefore, they offer little assistance in resolving the issue before us.

The district court's adjudication that Truelove is not a second offender within the meaning of § 841(b)(1)(A) is reversed, and this case is remanded for sentencing.

13. 21 U.S.C. § 841(b)(1)(A) requires a minimum six-year special parole term for second offenders.