UNITED STATES of America,
Plaintiff,

v.

Raymond Ralph McMICHAEL,
Defendant.

No. CRIM. 04–50074.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 24, 2005.

**645**

Richard M. Lustig, Birmingham, for Raymond Ralph McMichael, Defendant.

Mark C. Jones, U.S. Attorney's Office (Flint), Flint, for USA, Plaintiff.

## ORDER DENYING MOTION TO QUASH PENALTY ENHANCEMENT

GADOLA, District Judge.

Before the Court is Defendant's motion to quash the penalty enhancement, accepted for filing on January 25, 2005. A hearing on this motion, along with two other motions, was scheduled for February 23, 2005. Defense counsel, however, was occupied with another trial in state court, and the hearing did not take place. The Court determines that a hearing is not necessary on this motion. E.D. Mich. Local Crim. R. 12.1; E.D. Mich. Local R. 7.1(e)(2). A hearing on the two other motions will be rescheduled.

## I. BACKGROUND

An indictment was filed against Defendant Raymond Ralph McMichael on November 1, 2004. The original indictment contained two counts against Defendant McMichael, one count for conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(vii), and 846, and a second count for being a felon in possession of firearms. The second count has been omitted from the superseding indictments.

In 1970, Defendant was convicted of failing to pay transfer tax on marijuana in the Southern District of Texas. Defendant was sentenced to six months of imprisonment and five years of probation. The other counts of the 1970 indictment were dismissed. Defendant was pardoned by President Jimmy Carter in 1977 for the transfer tax violation.

## II. ANALYSIS

In the present litigation based on the indictment of November 1, 2004, the Government filed a penalty enhancement on December 27, 2004. The Government argues that Defendant's failure to pay transfer tax on marijuana, which resulted in his 1970 conviction, was a drug related felony, and therefore seeks to use this conviction, even though it was pardoned, as a penalty enhancement for Count One in this litigation. Defendant argues in his motion that, if convicted of the present offense, his sentence may not be enhanced due to his previous conviction because that conviction does not qualify as a felony drug offense and because that conviction was pardoned.

Defendant first argues that his previous conviction for failure to pay transfer tax on marijuana may not be considered a "felony drug offense." The Government's claimed enhancement is premised on 21 U.S.C. § 841(b), which states that "[i]f any person commits such a violation [as is charged in the Second Superseding Indictment in this case] after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment and … a fine not to exceed $8,000,000.00." 21 U.S.C. § 841(b). The first question is therefore whether Defendant's prior conviction for failing to pay

transfer tax on marijuana qualifies as a "felony drug offense."

A "felony drug offense" is defined by statute as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, or depressant or stimulant substances." 21 U.S.C. § 802(44). The conviction for failure to pay transfer tax on marijuana was punishable by a term of imprisonment up to 10 years and a fine of up to $20,000.00. *See United States v. Chappell,* 292 F.Supp. 494, 495–96 (C.D.Cal.1968); 26 U.S.C. § 4744, 7237. Thus, it qualifies as "an offense punishable by imprisonment for more than one year under any law of the United States," even though Defendant was sentenced to only six months. 21 U.S.C. § 802(44). The conviction was also under a law of the United States that "prohibit[ed] or restrict[ed] conduct relating to ... marijuana." *Id.* Specifically, the law prohibited the transportation of marijuana without payment of the appropriate transfer tax. As the indictment to which Defendant pled guilty stated, Defendant

> did unlawfully and knowingly transport, conceal and facilitate the transportation and concealment of a quantity of marihuana, to wit: approximately eight and one-half (8½) pounds, more or less, of marihuana (Cannabis Sativa) without having paid the transfer tax imposed by said [Internal Revenue] code, in violation of Title 26, United States Code section 4722(a)(2).

1970 Indictment, Ex. 3 to docket entry 27. The fact that this offense is found in Title 26 and not in Title 21 is not dispositive of its status as a felony drug offense. The plain language of the definition of a felony drug offense requires only that the offense "relate to" marijuana. The transfer tax violation does relate to marijuana.

Defendant cites to the Fourth Circuit case of *United States v. Truelove,* 527 F.2d 980 (4th Cir.1975). The Fourth Circuit held that "the concern about disparate sentences does *not* justify interpreting § 841(b)(1)(A) as excluding violations of the Marihuana Tax Act," and reversed "the district court's adjudication that [defendant] is not a second offender." *Truelove,* 527 F.2d at 983–84 (emphasis added); *see also United States v. Trevino–Rodriguez,* 994 F.2d 533, 536, (8th Cir.1993) ("the Fourth Circuit has held that a conviction for transporting untaxed marijuana is a prior conviction for the purposes of sentencing under an earlier, and less comprehensive, version of § 841(b)(1)(A)." (citing *Truelove* )); 21 U.S.C.S. § 841 n. 407 ("Conviction for transporting untaxed marijuana under Marihuana Tax Act of 1937 (former 26 U.S.C. [ ] § 7273(a)) is prior conviction for purposes of sentencing under 21 U.S.C. [ ] § 841(b)(1)(A)" (citing *Truelove* )).

Furthermore, the Fourth Circuit in 1975 was addressing narrower statutory language that was broadened through an amendment in 1984. The statute previously limited the enhanced penalties to persons who had been convicted "for a felony conviction under this paragraph, or for a felony under any other provision of this subchapter or other law of the United States relating to narcotic drugs, marihuana, or depressant or stimulant substances." *Truelove,* 527 F.2d at 982 (citing 21 U.S.C. § 841(b)(1)(A)). In this earlier statute, the "relating to ... marihuana" clause modifies "law"; that is, a penalty could have been enhanced if a person were previously convicted under a law relating to marijuana. In the present version of the statute, the "relating to ... marihuana" clause instead modifies "conduct"; that is, a penalty may now be enhanced if a person were previously convicted for conduct relating to marijuana. This amendment suggests

that the law itself need not relate to marijuana; rather, the conduct that the law addresses must relate to marijuana to qualify for the enhancement. Thus, even assuming that the transfer tax is a "tax law," the underlying conduct of transporting marijuana without paying the tax still relates to marijuana. The plain language also suggests this broader interpretation because the limitation to the paragraph or subchapter has been omitted.

■ Based on the plain language of the current statute, the Court concludes that the failure to pay transfer tax on marijuana is a "drug related felony" for the purpose of the enhancement provision of 21 U.S.C. § 841(b). Having concluded that the prior offense qualifies as a felony drug offense, the next question is whether a presidential pardon precludes the Court from using the pardoned offense to enhance a subsequent offense. Case law and the limited effect of a presidential pardon suggest that even if a conviction is pardoned, the pardoned conviction may be used to enhance the penalty for a subsequent offense.

■ A pardon does not entail the expungement of judicial records or otherwise negate the facts of the underlying conviction. *United States v. Doe,* 556 F.2d 391 (6th Cir.1977); *see also,* Ashley M. Stiner, *Remission of Guilt or Removal of Punishment? The Effects of a Presidential Pardon,* 46 Emory L.J. 959, 960 & 990 (1997). In accordance with this principal, Defendant does not appear to claim in this motion that his conviction was "expunged." The document of presidential pardon does not order the expungement of his record and there is no evidence that Defendant's conviction was expunged as well as pardoned.

■ Unlike expungement, a pardon serves only to eliminate the punishment arising from that particular conviction and restores basic civil rights. *United States*

*v. Smith,* 841 F.2d 1127 (6th Cir.1988) (unpublished table decision). Put differently, a pardon does not erase the guilt of the underlying conviction. For example, a pardoned murderer could still be subject to civil prosecution for wrongful death. Stiner, *supra,* at 996–97. The pardoned conviction may also still be used as evidence of bad character. *See, e.g.,* Fed. R.Evid. 609 (a pardoned conviction is admissible evidence unless the pardon was based on finding of rehabilitation or innocence).

■ The effect of a pardon is thus to preclude a person from being punished further for that particular pardoned conviction. Stiner, *supra,* at 998. Following this principle does not preclude a pardoned individual from being subsequently punished for a different offense. Therefore, the Court must determine whether a penalty enhancement for a subsequent offense based on the pardoned conviction constitutes an impermissible punishment for the previous pardoned offense or separate punishment for the subsequent offense.

Although the Sixth Circuit, by the Court's research, has not squarely addressed the use of pardoned offenses to enhance sentences, other courts have allowed pardoned convictions to serve as enhancements for drug penalties. For example, the Fifth Circuit has held that a "pardon does not vitiate the effect of defendant's felony conviction for the purpose of enhancement." *Donald v. Jones,* 445 F.2d 601, 606 (1971) (citing *Gurleski v. United States,* 405 F.2d 253, 266 (5th Cir. 1968)).

The Supreme Court also allowed consideration of a pardoned offense, stating, "we must not be understood as in the slightest degree as intimating that a pardon would limit the power of the United States in punishing crimes against its authority for taking into consideration past offenses

committed by the accused as a circumstance for aggravation even although for such past offenses there had been a pardon granted." *Carlesi v. New York,* 233 U.S. 51, 59, 34 S.Ct. 576, 58 L.Ed. 843 (1914). Finally, a federal district court in Texas (stating that "Texas courts may forgive, but they do not forget"), after thoroughly reviewing the effect of pardons, held that a pardon did not restore all civil rights and that a pardoned individual could be precluded from becoming a police officer.

Defendant argues that the Court should follow the Supreme Court in *Ex Parte Garland,* 4 Wall. 333, 71 U.S. 333, 18 L.Ed. 366 (1866). In *Garland,* the Supreme Court did state that a pardon "blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense." *Ex Parte Garland,* 4 Wall. 333, 71 U.S. 333, 380, 18 L.Ed. 366 (1866). The subsequent 1914 Supreme Court case of *Carlesi v. New York* (quoted above), however, states that a subsequent sentence may take into account a pardoned offense. Therefore, the *Garland* case does not preclude the Court from using the pardoned offense as an enhancement.

 Finally, Defendant argues that the Supremacy Clause precludes this Court from considering a pardoned offense. The Court presumes that Defendant means to refer to the integrity of the pardon power, rather than the Supremacy Clause. Defendant appears to argue that the pardon cannot be modified without interfering or undermining the President's pardon power. Using the pardoned conviction as a penalty enhancement, however, does not undermine the effect of that pardon. Defendant's punishment and civil rights were restored from the pardoned offense. The pardon power as presently construed, however, does not extend to expungement of the prior conviction. Consequently, the pardon may be used to enhance a penalty for a subsequent offense. This punishment would constitute punishment for the subsequent offense, taking into account all of the appropriate circumstances, and would not constitute separate punishment for the pardoned conviction. Enhancing a subsequent conviction through a pardon may even be considered proper public policy, because committing a similar offense after a pardon is an affront to the President of the United States's generous bestowal of the privilege of the pardon.

Because there is no evidence that the conviction was expunged, the Court finds no authority to quash the penalty enhancement based on the pardon. The Court will therefore deny the motion to quash the penalty enhancement.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to quash the penalty enhancement [docket entry 60] is **DENIED.**

**SO ORDERED.**